IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRIS UMBERGER,<br>   Petitioner, | )<br>)<br>) |
| v. | )   Civil Action No. 15-1273<br>)<br>) |
| ORLANDO HARPER, et al.,<br>   Respondents. | )<br>)<br>) |

## MEMORANDUM AND ORDER

On September 30, 2015, Petitioner, Chris Umberger, filed a motion to proceed in forma pauperis (ECF No. 1) and after it was granted, his petition was filed that same day (ECF No. 4). The emergency petition invokes the jurisdiction of the Court in the form of a pre-trial habeas corpus petition pursuant to 28 U.S.C. § 2241 and challenges his continued incarceration at the Allegheny County Jail awaiting extradition on a governor's warrant that did not arrive from Virginia within 90 days as required by Pennsylvania law, the Pennsylvania Constitution and the United States Constitution. Petitioner sought both release from custody and an order staying his extradition.

On September 30, 2015, an order was entered directing the United States Marshal to make service of the petition upon the respondents. On October 7, 2015, Respondents filed an answer to the petition, in which they indicated that, on October 2, 2015, Petitioner was in fact extradited to Virginia. See ECF No. 10 Ex. 1 (fax dated September 30, 2015 indicating that Petitioner would be extradited to Virginia on October 2); Ex. 2 (fax dated October 2, 2015 indicating that, at 9:00 a.m., Petitioner was extradited to Virginia); Ex. 3 (notice that Petitioner was permanently released from the Allegheny County Jail on October 2, 2015).

The Court of Appeals for the Third Circuit has stated that:

> Under Article III of the Constitution, a federal court may adjudicate "only actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. (citing Allen v. Wright, 468 U.S. 737, 750-751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984); Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471–473, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982)). Article III denies the District Court the power to decide questions that cannot affect the rights of litigants before it, and confines it to resolving live controversies "admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 241, 57 S.Ct. 461, 81 L.Ed. 617 (1937).
>
> The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome. Lewis, 494 U.S. at 477-478, 110 S.Ct. 1249. "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.' " Spencer, 523 U.S. at 7, 118 S.Ct. 978 (quoting Lewis, 494 U.S. at 477, 110 S.Ct. 1249).

Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009).

Individuals have a federal right to challenge their extradition by petition for writ of habeas corpus, but "[o]nce the fugitive is returned to the demanding state, the right to challenge extradition becomes moot: the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue." Barton v. Norrod, 106 F.3d 1289, 1298 (6th Cir. 1997). See Perry v. Brothers, 2012 WL 1533861, at *3 (D.N.J. Apr. 30, 2012).

In this case, Petitioner challenged his incarceration in the Allegheny County Jail beyond the time he contends a warrant could have been issued for his extradition. He sought both immediate release and a stay of the extradition. But his extradition on October 2, 2015 means

2

that this Court cannot redress his claims with a favorable judicial decision: to the extent he sought release from the Allegheny County Jail, he has achieved that result; and to the extent he sought a stay of the extradition, the Court can no longer grant this form of relief. Therefore, the petition must be dismissed as moot. See Maydak v. Warden, Allegheny County Jail, 156 F. App'x 515 (3d Cir. Dec. 7, 2005) (§ 2241 petition rendered moot when petitioner was released from custody).

AND NOW, this 8th day of October, 2015,

IT IS ORDERED that the petition for writ of habeas corpus (ECF No. 4) is dismissed as moot.

Nora Barry Fischer
United States District Judge

cc: Chris Umberger
177669
Allegheny County Jail
950 2nd Avenue
Pittsburgh, PA 15219-3100

Warden of the Allegheny County Jail
Allegheny County Jail
950 2nd Avenue
Pittsburgh, PA 15219-3100

District Attorney of Allegheny County
401 Allegheny County Courthouse
Pittsburgh, PA 15219

Attorney General of the Commonwealth of Pennsylvania
6th Floor Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219